# Moyer's Appeal.

By the 5th section of the intestate act of 1797, the husband who survived his wife became entitled to her choses in action; and such was the case although he did not administer on her estate, or do any act to make them his own, and died leaving issue.

THIS was an appeal by Samuel Moyer from the decree of the Orphans' Court of Dauphin county, decreeing that the executor of Ann Margaret Harrison, deceased, should have paid to him out of the land devised to Williamson Harrison by Alexander McKenzie, charged with a legacy to Sarah McKenzie during her lifetime, the sum of, &c.

Alexander McKenzie died testate in 1818, leaving a widow named Sarah, and two daughters, viz. Jane intermarried with Williamson Harrison, and Polly with John Duncan.   He devised to his son-in-law, Williamson Harrison, a tract of land, which testator valued at $1600, and charged the said land with the payment · of the interest on the one-third of said sum to his widow during her life, and the said third, at the widow's decease, was to be equally divided between his *two daughters*.   Williamson and Jane Harrison had issue, four children, one of whom died intestate, unmarried and without issue.   Jane Harrison died in the year 1823. Williamson Harrison made his last will and testament on the 24th February 1824, in which he directed his executors to sell said tract of land.   On the 29th March 1826, after Williamson Harrison's

death, his executors accordingly, by their deed duly executed, granted, bargained, and sold said tract of land to John Duncan, who was married to Polly, the surviving daughter of said Alexander McKenzie. The said John Duncan afterwards sold the said tract of land to John Moyer, who transferred his equitable title to Samuel Moyer—whereupon the said John Duncan, on the 23d February 1844, by his deed duly executed, granted, bargained, and sold the said tract of land to Samuel Moyer, the respondent; and in the deed to Samuel Moyer, said land is charged only with the payment of $32 to Sarah McKenzie annually during her natural life. On 12th February 1846, Sarah McKenzie died. These proceedings were instituted to charge said land, now owned by Samuel Moyer, with *Jane* Harrison's alleged interest in the legacy of one-half of the third made payable at the death of the widow McKenzie.

The petition was by Anna M. Harrison, the only surviving child of the said Jane Harrison, who was a daughter of *Sarah McKenzie*, and who claimed to be entitled, with her brother, John C. Harrison, to the one-half of the third devised to the said Sarah McKenzie during her natural life.

The material points in controversy were alleged to be—1. W. Harrison having acquired title to the land, under the will of Alexander McKenzie, charged with the payment of the interest of one-third of the purchase-money to the widow during her life, and of said *third* at the widow's decease, in equal moieties to *his* (Williamson Harrison's) *wife*, and to the wife of John Duncan; and the said Williamson Harrison having survived his wife, what interest had he in said tract of land, as well by purchase as by his marital rights and survivorship?

2. As Jane, the wife of said Williamson Harrison, was entitled, as legatee under the will of Alexander McKenzie, to the one-half of said third payable by her husband at the widow's decease, was not her legacy merged in the fee simple which was in her husband, and did not the conveyance under Williamson Harrison transfer to the purchaser his absolute estate, future, reversionary, contingent, and certain, and operate as an extinguishment of the legacy by way of release or assignment?

There is no pretence that creditors existed. Jane Harrison has been dead twenty-seven years, and Williamson Harrison twenty-six.

The court below decreed that Henry Peffer, executor of Anna Margaret Harrison, deceased, shall have paid to him, out of the land devised to Williamson Harrison by Alexander McKenzie, charged with the legacy to Sarah McKenzie during her lifetime, the sum of eighty-eight dollars and eighty-nine cents, with interest thereon from the 12th day of February 1846, the time of Sarah McKenzie's death—with the costs of this proceeding, and that he have all legal remedies for the collection of the same against said land, being now in possession of the respondent, Samuel Moyer.

[Moyer's Appeal.]

Exception was filed, that the Orphans' Court should have denied the prayer of the petitioner, the claimant not having any legacy unpaid charged on the land of Samuel Moyer, and the proceedings being without proper parties, and unlawful.

The case was argued by *H. Alricks,* for Moyer, the appellant. He cited, *inter alia,* the intestate act of 1797, 3 *Smith's Laws* 298.

*Fisher,* for appellee.

PER CURIAM.—By the fifth section of the supplemental intestate act of 1797, of which the first and third sections of the act of 1833 are as to this provision a transcript, it was enacted that " where she (a wife) leaves a husband, he shall take the whole personal estate." He is consequently entitled to her *choses* in action without administering, or doing any act to make them his own. At the death of Jane Harrison, therefore, her legacy charged by her father's will on the land devised by him to her husband Williamson Harrison, became the husband's property, and merged, if it had not done so before, in his person as that of both debtor and creditor. The land was consequently discharged of it, and passed disencumbered to the purchaser. It is proper to say that the act of 1797 was not presented to the view of the court below.

Decree reversed.